## FOSTER v. FOSTER.

J. H. F—, J. K. and J. F. entered into articles of agreement concerning lands to be held between them; J. F. being alone in possession. Afterwards a patent issued to them as tenants in common. J. F. died, leaving his widow and devisee, M. F. in possession. J. H. F. brought trespass to try titles against M. F. for one third of the premises. It was held,
1st. That one tenant in common, cannot maintain the action against a cotenant without proving actual ouster.
2. But that M. F. was not tenant in common with J. H. F. and J. K.
3. That the articles and will were not evidence in her defence to shew a tenancy in common.
4. That the action was maintainable, though no dower had been assigned to her.
5. In trespass to try titles against two, though the plea be joint, the jury may find against one, and not guilty as to the other.

JAMES H. FOSTER, brought an action of trespass to try titles, in Greene Circuit Court, against R. Harrison and Mary Foster, and declared against them for one undivided third part of a tract of 320 acres of land. The defendants pleaded not guilty.

At February term 1828, the cause was tried. The plaintiff, J. H. Foster, proved that in 1820, one Josiah Foster settled upon the tract of land in question, by clearing a farm of about sixty acres thereon, the land then belonging to the government; that in 1821, he died, leaving Mary Foster, his widow, in possession; that he left no children; that she had remained in possession ever since. He gave in evidence, a patent for the land from the government of the United States, dated the 25th of November 1825, issued to himself, and to Josiah Foster, and Jehu Kirksey, and their heirs and assigns as tenants in common. The plaintiff further proved that he never had possession of any part of the land, and proved the value of the rent. The defendants offered to introduce as evidence on their part, certain articles of agreement made in May 1819, between the said James H. Foster, Josiah Foster and Jehu Kirksey, binding the two latter to pay to the former certain portions of the purchase money of lands therein specified, including the land in controversy, and the said James H. to convey to them, &c. when he should obtain title, &c. They further offered to prove by the record, the commencement of a suit in Greene county Court, by the plaintiff, against them as the personal representatives of Josiah Foster, deceased, founded on said ar-

ticles of agreement; and also the record of a bill in Chancery, filed by themselves against said James H. for a discovery and to injoin said suit, together with the answers thereto. They also offered a copy of the will of the said Josiah Foster, dated in 1816, by which, after providing for the payment of his debts, the testator left the residue of his property with a few exceptions to his wife, Mary, during her life or widowhood, with power to sell at valuation for her convenience, with the approbation of his executors, and to dispose of the land, and remove the personal property to any part of the United States she might wish; but at her death or marriage, one half of said property, or its proceeds, was bequeathed to others. To all this evidence of the defendants, the plaintiff objected. The objection was sustained, and it was rejected. The counsel for the defendants requested the Court to instruct the jury, that if they believed the defendants, or either of them were tenants in common with the plaintiff in the land, that it was necessary to entitle the plaintiff to recover, to prove he had been in actual possession before the commencement of the action, and that the defendants had actually ousted him. But the Court refused the instruction, on the ground that it was not authorized by the evidence; and instructed them that if Josiah Foster, deceased, was a tenant in common with the others, that his widow, Mary Foster, was not. The defendants also requested the Court to charge the jury, that if dower had never been assigned to the widow, Mary Foster, that she was entitled to the possession of the real estate of the deceased, till it was assigned her, and that her holding the land as widow, was not adverse to, but in privity with the rights and possession of her deceased husband. They further requested the Court to charge the jury that if they believed R. Harrison not guilty, they should find in favor of both defendants. These instructions were also refused. To all which the defendants excepted. The jury found a verdict for the plaintiff against Mary Foster only, for one third of the land, and for one cent damages, and not guilty as to Harrison.

Mary Foster, in this Court, assigns the foregoing matter as error.

SHORTRIDGE, for the plaintiff in error. Josiah Foster was tenant in common with the plaintiff below, as is evidenced by the patent itself. The same right continues

to his representatives in estate. [a] Mary Foster then being tenant in common, an actual ouster was necessary, before this action could lie against her. [b]

CHAPMAN, for the defendant in error. The proposition may be admitted, that to sustain an action against a co-tenant, a tenant in common must prove an actual ouster, or something tantamount; but Mary Foster is not a tenant in common with the plaintiff. She holds as a trespasser. She can claim nothing by any right of dower. It is only estates of inheritance which are subject to dower, and here Josiah Foster died several years before the patent issued, and therefore when he had no title. [c] But if she had any right to dower, it is waived by her acceptance of the provisions of the will; she may elect, but cannot under the statute have both. Even had she been entitled to dower, what would have been legal evidence of such right? Clearly it would have been her petition for dower, and the assignment of it by the Court; for till assignment, she has no title, and the very neglect to claim it, and still continuing to enjoy the premises, is an evidence of waiver of it, and election to hold under the devise. An entry by the widow, without assignment of dower is a trespass. [d] As devisee, her title against us, is equally unavailing. The will was made previously to the acquisition of the lands by Josiah Foster, and after acquired lands do not pass under the will. [e] Nor can her being executrix entitle her as tenant in common, for freeholds vest in the heir at law immediately on the decease of the ancestor, and the executor, as such, has nothing to do with them.

By JUDGE WHITE. In the rejection of the evidence offered by the defendants below, and in the other matters hereinafter noticed, it is insisted the Circuit Court erred. The avowed and only legitimate object of this evidence was to shew, that Mary Foster, one of the defendants, was tenant in common with the plaintiff in the lands in controversy. If this were the case, it was important to the defence; as one tenant in common cannot sue another till actual ouster, or its equivalent. Would then the evidence, if allowed to go to the jury have proven Mary Foster a tenant in common with the plaintiff? The articles of agreement, as already shewn, were dated long prior to the emanation of the grant, and contemplated

a 9 John. R. 270. 4 Bibb, 422. Blk. Com. Title, Joint Tenancy, 192.
b 2 Phillips' Evid. 172. 7 Cranch, 456. Adams on Eject. 55–88. 15 John. R. 501. 1 Salk. 192. Arch. bold's Cir. Pl. 514.
c Blkst. Com. Tit. Dower. Laws of Ala. Tit. Dower.

d Thomas' Coke, 694. 1 Chitty's Blkst. 98. 2 Ibid, 152.
e 1 P. Wms. 575. 11 Mod. 148. 2 Ves. jr. 417. 7 T. R. 419. 10 John. 32.

the acquisition of the title in future. They therefore vested no estate in either Josiah Foster or Mary Foster, his widow, and were, no doubt, properly excluded. The same may be said of the suit at law and in Chancery, founded on, and growing out of them. The will was made nine years before Josiah Foster acquired the lands in question, and if its provisions were admitted to be strong enough to vest a title in his widow, to the lands he possessed at the time it was executed, yet as it contained no prospective devise which would reach real property afterwards obtained, she acquired no interest in such property. The copy of the will, therefore, if read to the jury, would have proven nothing material to the issue. But it is contended, that the widow had her right of dower in the land; an interest not inconsistent, but in privity with that of the plaintiff. The widow was provided for, as already seen, by the will of her husband, which was recorded in 1821, five or six years before the commencement of this suit; and without determining whether she should not have renounced the provision under the will in the manner and within the time prescribed by the statute, to have authorized a claim to dower in these lands, it may be sufficient to say, she ought not, after such a lapse of years, to be permitted to interpose that claim against the right of one seeking the possession of the inheritance, but should be left to seek her dower in the ordinary way. After what has been said, it is scarcely necesary to add, that the Circuit Judge very properly refused to charge as requested,. that if the jury believed the plaintiff was tenant in common with the defendant, the action could not be maintained without an actual ouster; such a charge would have been totally irrelevant, as there were no facts to which it would apply. The last request made of the Court was, to charge the jury that if they believed Harrison, one of the defendants, was not guilty of the trespass, they should acquit him, and the other defendant also. This too, was well refused, for there is no principle better settled, than that one defendant may be found guilty of a trespass, and the other acquitted. The Court are unanimously of opinion, that the judgment must be affirmed.

JUDGE CRENSHAW, not sitting.